B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> INGRID CECILE MCCONNIE NAVARRO | **DEFENDANTS** <br> BANCO POPULAR DE PR <br> DLJ MORTGAGE CAPITAL, INC; <br> SELECT PORTFOLIO SERVICING, INC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> ADA M. CONDE, ESQ., FOR ESTUDIO LEGAL <br> 1611, (app. PO BOX 15265 San Juan PR <br> 00908  787-721-0401 | **ATTORNEYS** (If Known) <br> RAFAEL A. GONZALEZ VALIENTE, ESQ <br> VANESSA M. TORRES QUIÑONES, ESQ |
| **PARTY** (Check One Box Only) <br> ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
VIOLATION OF DISCHARGE, 28 USC § 1334, 28 USC 157(A)(I)(K)
11 USC § 362

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,325,000 |

**Other Relief Sought**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR _INGARD CECIL MCCONNIE NAVARRO_ || BANKRUPTCY CASE NO. _10-04971_ ||
| DISTRICT IN WHICH CASE IS PENDING _PUERTO RICO_ || DIVISION OFFICE | NAME OF JUDGE _Hon Enrique Lamoutte_ |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) _[signature]_ ||||
| DATE _September 14, 2015_ ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) _AD M. CONDE, ESQ._ |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE | CASE NO. 10-04937 ESL |
| INGARD CECILE MCCONNIE NAVARRO | CHAPTER 7 |
| Debtor | |
| INGARD CECILE MCCONNIE NAVARRO | |
| Plaintiff | ADV. PROC. NO. |
| Vs | |
| BANCO POPULAR DE PUERTO RICO<br>DLJ MORTGAGE CAPITAL, INC.<br>SELECT PORTFOLIO SERVICING, INC. | |
| Defendants | |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Ingard Cecile McConnie Navarro, through the undersigning attorney and very respectfully **ALLEGES, STATES AND PRAYS** that:

### JURISDICTION

1. This Honorable Court has jurisdiction of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334 and 28 U.S.C. §157. The action is a core proceeding under the provisions of 28 U.S.C. §157(A), (I), (K), arising under Title 11 U.S.C. §362 and arising in the above captioned Chapter 13 case.

2. The action before the Honorable Court is brought under 11 U.S.C. §105 and Bankruptcy Rules 7001 and 7065.

### PARTIES

3. The Plaintiff Ingard Cecile McConnie Navarro is and individual, resident of Humacao, Puerto Rico who was the Debtor in the captioned bankruptcy case.

4. Defendant, Banco Popular de Puerto Rico was a creditor in the instance Bankruptcy case.

5. Defendant, DLJ Mortgage Capital, Inc. for information and/or belief purchased and/or obtained the loan years later, that Banco Popular was the holder in the instance Bankruptcy case. Defendant Select Portfolio Servicing, Inc. as per information and/or belief is the company and/or agent in charge of servicing the loan of DLJ Mortgage Capital.

### FACTUAL ALLEGATIONS AND CAUSE OF ACTION

6. On June 5, 2010 Debtor and Plaintiff, Ingard Cecile McConnie Navarro (hereinafter refer as the "Debtor"), filed the instance Bankruptcy Petition under Chapter 7. On that same date the Bankruptcy Court issued an Order of Automatic Stay of Proceedings pursuant 11 USC §362.

7. At the time of the filing of Plaintiff's Bankruptcy Petition, the Debtor was the owner and is still the owner of a real estate property located at Palmas Doradas A-203-C, Palmas del Mar, Humacao Puerto Rico. The property was included in the schedules and dully disclosed.

8. As of the time of the filing of the Bankruptcy Petition, Debtor was under the belief that Banco Popular had a dully registered and perfected mortgage over Debtor's real estate property.

9. The Chapter 7 Trustee Wigberto Lugo Mender on 7/16/2015 gave Notice of abandonment of Debtor's real estate property.

10. This Honorable Court on 9/14/2010 granted and ordered the Discharge of Debtor.

11. Banco Popular had full knowledge of the filing of the instance Bankruptcy Petition when on November 14, 2010 Banco Popular filed a notice of appearance and request of notice.

12. Just four days before the appearance of Banco Popular in the instance Bankruptcy case, Banco Popular on November 10, 2010 filed a complaint for collection of monies and execution of mortgage at the local court of Humacao, case no. HSCI2010-01388.

13. Banco Popular continued with the proceedings of collection of moneys and the foreclosure of the property and obtained a judgment on March 21, 2011.

14. But Banco Popular never informed the Local Court that the property was not dully registered to Debtor due to problems with the land and neither that their loan was not perfected as a mortgage.

15. It was when, until the Local Court, when attending a Motion of Banco Popular requesting the inscription of the judgment and garnishment of the property in the Property Registry and after requiring a sworn title study, that requested to Banco Popular in an order of May 20, 2011, found that the mortgage was perfected causing the denial of the Motion in an Order of June 21, 2011 and notified on June 23, 2011.

16. Banco Popular requested a reconsideration of the local court order of June 21, 2011 on July 1, 2011 and later a second motion of reconsideration on February 17, 2012. Both motions filed by Banco Popular were denied on February 23, 2012.

17. On March 30, 2012 Banco Popular filed a certiorari before the Appellate Court, case no. KLCE2012-00420. On April 30, 2012 the Certiorari was DENIED and was notified on May 4, 2012.

18. In the meantime Debtor claimed the real estate property as her homestead on March 26, 2012.

19. It was until April 27, 2012, one year and a half after Debtor obtained and was granted the Discharge that the mortgage was perfected.

20. On March 2014 DLJ Mortgage Capital Inc. made an appearance before the local court in Humacao informing that they were the new holders of the loan promissory note and requested the continuance of the foreclosure proceedings, even though, Debtor had filed on that same month, on March 10, 2014 a Chapter 13 Bankruptcy Petition in case no. 14-01796.

21. Debtor included as an unsecured non priority claimant Select Portfolio Servicing, Inc. because since December 2013 and until April 2014 collecting the debt and afterwards every month until now harassing the Debtor, has not ceased of sending letters stating that is "statement for informational purposes only"

22. Debtor had to file a Motion in the local court of Humacao, on April 22, 2014 requesting the stay of the proceedings which was later stayed by order of the local Court on April 23, 2014.

23. DLJ Mortgage Capital, Inc. filed a Motion requesting the lift of the automatic stay in Bankruptcy Case no. 14-01796 based upon allegations that the loan that was used by Debtor for the purchase of Debtor's property was and is "perfected" in an open and willful attempt to collect a discharged unsecured non priority claim.

24. DLJ Mortgage Capital and/or Banco Popular and/or Select Portfolio Servicing, Inc. has/have willfully and against the provisions of the Bankruptcy Code and the Order of Discharge collecting moneys and prosecuting the foreclosure of a discharged loan violating the Discharge of this Honorable Court granted to the Debtor on 9/14/2010..

25. Due to the unlawful acts of the creditor DLJ Mortgage Capital, Inc., and/or Banco Popular de Puerto Rico and/or Select Portfolio Servicing, Inc., their willfulness and/or bad faith for not obeying the provisions of the Bankruptcy Code, the Debtor is suffering enormous emotional distress and damages, for which acts it is requested to this Honorable Court to award compensatory damages and other as follows:

    a. Damages and others caused by DLJ Mortgage Capital, Inc.
        1. $500,000 for the Debtor in damages;
        2. $50,000 for costs incurred in litigation for both the plaintiffs
        3. $25,000 for legal fees, costs and legal fees.
    b. Damages and others caused by Banco Popular de Puerto Rico:
        1. $500,000 for the Debtor in damages;
        2. $50,000 for costs incurred in litigation for both the plaintiffs
        3. $25,000 for legal fees, costs and legal fees.
    c. Damages and other caused by Select Portfolio Servicing, Inc.
        1. $200,000 for the Debtor in damages;
        2. $25,000 for costs incurred in litigation for both the plaintiffs
        3. $10,000 for legal fees, costs and legal fees.

26. Also, due to Defendants temerity and/.or bad faith and and/or malice and/or intentional and/or willful intention to violate the order of discharge in harassing the Plaintiff, it is requested to this Honorable Court to award punitive damages.

**WHEREFORE,** it is respectfully requested to this Honorable Court to:

A. **GRANT** this **COMPLAINT**;

B. **AWARD** compensatory damages to the Debtor as requested;

C. **AWARD** punitive damages, attorney's fees and cost.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, September 14, 2015.

ADA M. CONDE, ESQ.
USDCPR 206209
Estudio Legal 1611 Corp.
PO Box 13268
San Juan, PR 00908-3268
Tel: 787-721-0401
Estudiolegal1611@gmail.com